NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-CV-114-KKC

ANTHONY SALES                                                                                    PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

STEPHEN M. DEWALT, Warden                                                       RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Petitioner Anthony Sales, who is in the custody of the Federal Bureau of Prisons ("BOP") and confined in the Federal Medical Center, in Lexington, Kentucky, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, and has paid the district court filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). During screening, the allegations in the petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). As Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

CLAIMS

Petitioner challenges his conviction in a prison disciplinary proceeding, on the ground that his due process rights were violated.

## ALLEGATIONS

The following allegations are presented in the Petitioner's partially completed petition form, a self-styled memorandum, and several attached exhibits. [Record No. 2]

Sales alleges that on or about June 1, 2007, while he was incarcerated at another BOP facility, FCI-Gilmer, a staff member wrote an incident report against him, for possession of a weapon found in his cell, a Code 104 offense. He was initially placed in that prison's segregation unit. There, his counselor at FCI-Gilmer agreed to appear with Sales at a disciplinary hearing on the charge.

However, before the hearing, Petitioner alleges, he "was arbitrarily transferred" to his current place of incarceration, the Federal Medical Center in Lexington. After his arrival, the disciplinary hearing officer ("DHO") at the Lexington facility informed Sales that he would have the disciplinary hearing on the weapons charge at his new location.

Despite the Petitioner's protests that he could not get a fair hearing without his staff representative and live witnesses' testimony, the hearing was had at FMC-Lexington, nonetheless. Petitioner testified that the weapon was not his but must have been planted in his cell, but the DHO found him guilty as charged. He was evidently penalized with the loss of good conduct time credits ("GCT"), as he requests that the good time be returned to him.

Plaintiff attaches copies of the documents exchanged as he appealed the conviction to the Regional and National levels of the BOP administrative remedy process, Remedy No. 462425. These exhibits reveal that in that process, he claimed that the weapon was not his; his due process rights were violated by the BOP's holding the hearing without his FCI-Gilmer counselor

and witnesses; and the evidence was insufficient to support a finding of guilt consistent with due process. At every level of appeal, the BOP rejected these claims and affirmed Sales' conviction.

After exhausting the appeals process, Petitioner has now brought the same claims to this Court in order to obtain the restoration of GCT lost as a result of the disciplinary conviction.

## DISCUSSION

The Supreme Court of the United States has established that prison inmates possess a liberty interest in good time credits and the due process clause protects the loss or revocation of such credits.

In *Sandin v. Conner*, 515 U.S. 472 (1995), the High Court held that a prisoner is entitled to certain procedural due process protections if he or she is faced with the loss of GCT or a penalty which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. In such disciplinary proceedings, the following due process protections must be provided for the prisoner: (1) the right to appear before an impartial decision-making body; (2) a 24-hour written notice of the charge; (3) a qualified right to call witnesses; and (4) a written statement by the fact-finder(s) as to the evidence relied on and reasons for the disposition, all as set out in *Wolff v. McDonnell,* 418 U.S. 539, 564-65 (1974).

Since the penalties imposed in this case included the loss of GCT, the instant Petitioner was, indeed, entitled to these procedures. He does not claim that he lacked notice or that the DHO was biased or that he never got a written decision, in violation of (1), (2), or (4) above. Sales does claim that his due process rights were violated because he was not able to have his staff representative or call live witnesses, which the Court construes as alleging that his (3) right to call witnesses was violated.

3

However, staff representatives are not a due process requirement for disciplinary proceedings. Further, as to calling witnesses, the Supreme Court made it clear that this right is qualified and a request for witnesses may be denied in deference to security and other penal concerns. *Id.* at 566. The BOP's promulgated regulations even provide for adjudication of disciplinary charges at any location, even after a prisoner is released. *See* 28 C.F.R. § 542.10.

As to Petitioner's second due process claim, under *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985), a conviction cannot be upheld as consistent with due process unless there is "some evidence" to support the disciplinary decision. "Some evidence," as its name suggests, is a lenient standard. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

A district court's role in reviewing a disciplinary conviction is extremely limited. The Court has no authority under the guise of due process to review the resolution of factual disputes in a disciplinary decision; a district court merely ensures that the disciplinary decision is not arbitrary and does have evidentiary support. *Superintendent,* 472 U.S. at 457. Even meager proof will suffice. *Webb*, 224 F.3d at 652.

In the instant case, there is "some evidence" of Sales' guilt of having possession of a weapon. According to the Petitioner's own exhibits, the DHO considered the incident report, written by the BOP staff member who found the weapon stashed in his cell and other "supporting documentation," un-described but referenced in the BOP's denials of his appeals. Moreover, in his appeal to the Regional Director, Sales seems to have acknowledged additional written evidence when he wrote that "no persons saw me in possession of a weapon of any kind. Nor does the Incident Report *or any other memorandums* [sic] say that anyone saw me in possession of a weapon of any kind." [Exhibit dated August 5, 2007 (emphasis added)]

4

Even if the Court were concerned as to the non-availability of FCI-Gilmer witnesses, to what would/could any person there bear witness? According to the Petitioner's own allegations, no one saw him with the weapon. Sales points to no one who allegedly had any affirmative facts about which to testify to support his defense. Also, even if the supporting documents were only pictures of the weapon, the DHO would have still been presented with a swearing contest between the Petitioner, who had/has no evidence, and the reporting BOP staff member, who found the weapon, took pictures, and may be determined to be more credible than the Petitioner. The law is that the credibility determinations of the hearing officers cannot be disturbed on appeal. *See Wagner v. Seely, et al.*, 915 F.2d 1575, 1576 (7th Cir.1990) (unpublished).

This Court finds that no due process violation taints the instant Petitioner's disciplinary conviction, either in the process used to arrive at the verdict or with regard to the sufficiency of the evidence. Accordingly, Court being advised,

**IT IS ORDERED** as follows:

(1)     Anthony Sales' Petition for writ of habeas corpus is **DENIED**;

(2)     this action will be **DISMISSED**, *sua sponte*, from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

Dated this 6th day of May, 2008.



**Signed By:**
*Karen K. Caldwell*  KKC
**United States District Judge**